# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:07CV1531 HEA |
| JULIAN L. BUSH, | ) ) ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner, a pretrial detainee at St. Louis City Justice Center, has filed his petition on the grounds that (1) there was an unreasonable delay between the time the indictment was filed and the time he was arraigned, (2) that some of the information in the indictment is contrary to the victim's statements and police reports, and (3) that he was never formally arrested. The petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial

---

[1] For the purposes of this Memorandum and Order, the Court also considers the allegations in petitioner's "motion to add grounds for relief."

habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial or that he has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to add grounds for relief is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 26th day of October, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE